Our first case of the afternoon, or excuse me, our last case of the afternoon, is Reichert v. Mohlenbrink, 414-1021, for the appellant, Mr. Zabik, and for the appellee, Mr., you help me, Bizet, and Quitshaw? Quitshaw. Quitshaw. You may proceed. Good afternoon, Your Honors. My name is Sam Zabik. I'm here on behalf of the respondent appellant, Travis Mohlenbrink. I don't plan to take too much of your time. I know this is the last case of the day. It's a pretty narrow issue why we're here. We're reviewing a child support finding in the 11th District there in McLean County. It's pretty clear that for purposes of calculating child support, I don't think there's any question that you're allowed to deduct expenditures for the repayment of debts. That represent reasonable and necessary expenses for the production of income. I think that's uncontroverted. In this particular case, what's interesting, especially in comparison to a lot of the cases that were presented by the other parties in this, is there was no dispute that these expenses, or expenditures, if you will, were reasonable and necessary. It's uncontroverted. There was no doubt about that. They were all found to be reasonable and necessary. There's a really narrow issue here. And what was decided by the trial court and also testified to by Mr. Nalbach is that, well, first of all, I should say, there was no argument that depreciation is an allowable expense. The respondent never disputed that. Depreciation is not an allowable expense per Illinois law. However, as I expressly state in my brief, the repayments of the debts on depreciable assets are allowed per Illinois law. And what was determined by the trial court and what Mr. Nalbach, who was the expert opinion, is that one payment is not really considered a repayment of debt and therefore should not be considered an expenditure or be deducted for the net income for purposes of child support. Excuse me, for purposes of calculating child support. So what I present to your honors is that that's actually completely erroneous. And not only is that an abuse of discretion, again, as I pointed out in my brief, in the trial court proceedings, the testimony of Mr. Nalbach, which the court expressed had just fully adopted his findings, was admittedly incorrect. So for that reason, I would say that it was an abuse of discretion. But focusing more upon the issue of, is one payment considered the repayment of debt? And I don't know why it wouldn't be. I would submit to this court that that's exactly what it is. It's an out-of-pocket expense. It's a true, quote-unquote, out-of-pocket expense, which is what the courts and other districts have held to be repayments of debt. Simply because it's not financed over a period of time does not make it a, doesn't make it a, does not mean it's no longer a repayment of debt because it's one payment. And in fact, that would, you know, not only violate public policy, but it also applies in the face of what the petitioner would want because, in effect, if you require someone to finance equipment in this particular example, because we're dealing about restaurants. The deductible expenses, or the repayments, if you will, would also include interest. So it would be to the detriment of the petitioner to even have that finding. So I would suggest to your honors that all those expenses, which were never, ever controverted, that they were reasonable and necessary, but the fact that they were only one payment, one payment as a repayment, that doesn't mean they're not a repayment of debt because it was made in one payment. That's not what that means. And I would submit, if in fact that is the finding, at what point does it become a repayment of debt? Two payments? Three payments? Ten payments? Fifteen payments? I don't know. But I would suggest any repayment of any debt for the purposes of generating net income are allowable to be deducted from the net income. And that's consistent with case law. I would suggest that, for that reason, the findings that the expert in my case actually did, which did deduct the depreciation, excuse me, did not deduct the depreciation, but did deduct those payments, is the correct one. So I would suggest that should be adopted. If the court's not inclined to do that, I suggest it would at least be remanded to allow evidence to be presented to determine what is the correct calculation, factoring in that these one payments are actual repayments of debt. Mr. Zabeck, I wanted to ask you a question, which is about the form of your brief. Okay. And the only reason I bring it up to you is because it kind of threw me off when I started to work on this case, but you reverse the parties in your brief. So you listed the respondent as the top party, and 341D requires that the name of the case as it appeared in the lower tribunal appear on your brief. So in other words, you don't make a change of the parties from the lower court to us. Okay. Even though your client's the appellant. He goes on the bottom because he was the respondent on the lower court. My apologies, Your Honor. It's all right. I just wanted to point it out to you because it confused me, and I started reading the recent. I'm trying to figure out who's the respondent, who's the petitioner, who's the appellant here. That's the last thing. So just in the future. Yeah. That's the last thing. You don't ever want to confuse me. No, that's the last thing I want to do. I got it straightened out. Anything further? Give me a couple of examples of those things that were purchased and paid for and full that would assist in his business. They're actually contained in the record. There's a list of all the assets in the actual record. It's stoves, ovens, dishwashers, hood systems, bar accessories. I mean, all that was depreciable assets. They're all depreciable assets. But the depreciation was never factored into the calculation that was presented in the trial court by the respondent. But those are assets that were paid for. After the invoice was delivered, it was paid for. It wasn't financed, like a lot of times those things are financed because it's expensive commercial equipment. So those would be examples. Under your theory, though, wouldn't that only affect net income in the year of purchase? Arguably it would, Judge, but then, again, I didn't choose to file the petition for modification that year. That was actually the petitioner who did that. And the years to come after that, it wouldn't, presumably. In other words, you wouldn't have those deductions after the first year. Wasn't the court looking at several years of income when it was determining? It was, and it did not allow any of those payments to be deducted at all in any year. Were you the lawyer in the trial court? I was, Judge. Did you ask Judge Rob to deviate from the statutory minimum amounts based on the fact that he had those expenditures, as opposed to arguing only that it was a deduction against net income? No, Your Honor, I did not. So these are assets for the production of future income? Correct, Your Honor. Your client is fortunate enough to be able to pay for those in cash? Correct, Your Honor. And what did that total over the year that the business started, let's say? Off the top of my head, I really don't have any idea. But thousands and thousands? Oh, thousands and thousands. The calculation was the difference between $3,000 a month to basically $1,600 a month. That's what the net factoring is. And what part did the rather expensive vehicles play in this? Very minor, actually. Again, this was never challenged. And Mr. Novak's testimony was that, no, I think these are all reasonable and necessary expenses, and so did actually the petitioner in this case when she was questioned on the stand. The reason why was there were two vehicles. They weren't fully expenditured. Only portions of them were allowed to be part of the account. So there was no challenge there. Okay. I'm still having trouble following this, though. The petitioners are in there seeking a modification of the child support. You've got one year where your client made a bunch of expenditures. But what about the years, I mean, the court's setting child support for the future, right? Correct. So in that one year, maybe he would have been entitled to some type of a deduction or reduction. But how about in the other years? I believe there was also a restaurant opened in the year prior, too. But whatever they were, and I don't know how to answer Your Honor's question. I mean, it's a nonrecurring expense. She's setting child support. So by the time he gets to her, he's not in that year when that expense occurred, right? By the time he gets to trial, that year's gone. I'm sorry, I don't understand Your Honor's question. That year has concluded, the year in which he made those expenditures. Uh-huh. Am I correct? That's correct. I'd say it was 2011 or 2012. Sure. She's sitting there in 2014 or 2015 trying to determine child support. Right, and if she filed the petition to modify in 2011, which would be the year that those expenses were incurred, that year would be substantially different than 12, 13, and 14 because in 13, 14, and 12, there's no deduction coming in for that. In other words, all the deductions have been used up in one year. It's essentially the same thing as financing. As opposed to drawing it out over time, you're taking it all in one year. But as a result of paying for it in one year, it shouldn't be penalized for that. You should still be allowed to take the repayments of that debt. The question is, how does that affect his child support in the following years when he doesn't have that expense? If he doesn't have the expense, it would go up tremendously, his net income, because he doesn't have those expenses. You were arguing she should have set the child support at $1,600. I think it was $1,577 was the number that we argued. What that did is it took out all the depreciation that was included in his tax returns and added in the payments for the assets that were depreciable as deductible expenses. Maybe I'm not being clear. What would child support be the following year? I believe that was averaged over three years, if I'm not mistaken. Was it three years partly retroactive? Yes. It was 2012, 2013, and 2014, if I'm not mistaken. I'm not asking for substance beyond the record, but if there have been additional petitions to modify. Not at this time, no. Any other questions? Thank you. We'll hear from you on rebuttal. May it please the Court. The primary issue on this appeal was Mr. Molenbrink's claim that the assets and inventory which he purchased to open his business in 2013 should have been subtracted from his income as a statutory deduction for purposes of determining his child support. Mr. Molenbrink argues that this expenditure of assets and inventories falls under the deduction for expenditures for the repayment of debt that represent reasonable and necessary expenses for the production of income. That exception, as the Court knows, is set forth in Section 505A3H of the Code. In this case, the Court properly rejected Mr. Molenbrink's argument because it is not an expenditure for the repayment of debt. Whether those purchases were necessary for the production of income, we do not know. We did not get to that part of the test, and there was little evidence introduced as to exactly what the expenditures were. Essentially, it consisted of testimony of Mr. Molenbrink as to what he purchased, as well as a statement which was attached or appended to his 2013 tax returns showing those expenditures. In this case, the Court properly held that it is not an expenditure for the repayment of debt because Mr. Molenbrink paid for the inventory and assets at the time of purchase. There was no debt, and there never was any debt, associated with the transaction. Essentially, he paid cash for the inventory and the assets. Moreover, there was not any debt associated with the business at all other than a debt on a vehicle, which was a Range Rover. Other than that, the business, which was Sugar, Inc., was debt-free. What Mr. Molenbrink essentially was asking the trial court to do was to engage in a hypothetical scenario to pretend that he had financed the purchase of that equipment instead of paying for it outright. In other words, if he knew then what he knows now, he would not have purchased all of that equipment and assets in cash. Instead, he would have financed 100% of that purchase. After doing so, he then would have argued that the repayment of that debt should be subtracted from his income for purposes of calculating his child support. The interesting thing about that is that Mr. Molenbrink had the funds at the time to pay for that inventory and assets in cash. So even had he done that, even if he had financed 100% of that purchase and argued that that was repayment of debt, he could have satisfied the first prong of that test, but I suspect there is a possibility he then would not have met the second prong of the test, showing that it was necessary for the production of income. Because I don't think repayment of that debt would have been necessary. I think it could have been shown that he could have paid for all of that in the cash that he had on hand, and therefore it was not a necessary loan for him to produce income. Regardless, the court correctly declined to engage in that hypothetical scenario, which was to the sole benefit, or was going to be to the sole benefit of Mr. Molenbrink to reduce his child support obligation. The law is clear. As the court has looked before, we first look at the statute, which first specifically says repayment of debt. So the plain language of the statute states that there has to be repayment of the debt, which there was not in this case. Second, that statutory section, 505A3H, states that the court shall reduce the net income only for the period that such payments are due, and shall enter an order containing provisions for self-executing modification upon termination of those payments. And what that statutory section tells us is that what is contemplated is that there is actual debt owed, and that the deduction would only be allowed for that time period when the debt is being paid back. In addition to the plain language of that statute, this court has previously held in 1996 in the Gay v. Dunlap case, and in 1997 in the Minear case, that these are not deductions. And specifically in the Gay case, this court held that the language of the statute would make no sense if business expenses ongoing and variable from month to month would be deducted. But they were referring more to entertainment expenses and gasoline and things like that in Gay v. Dunlap. I think that's correct. This is the purchase of equipment for use in a restaurant. Which to me, your argument that it wouldn't be necessary for the production of income, I'm not sure that's going to fly if that were before us. I don't think it says that the debt incurred is necessary, but that the expenditure is made for the production of income. And that's an interesting point. I think that that's an issue that perhaps has not been determined yet, but I think that I would argue that the incurring of the debt itself was not necessary due to the fact that the support obligor had the resources to pay for those things. And that's a debate for another day, but I don't think the statute would require somebody to impoverish themselves when they could keep some of their funds to live on and borrow money to start a restaurant or a business. But that's not before us, so I guess we shouldn't waste your time talking about it. And I guess the one thing I would say on that is, interestingly enough, it appears as though the argument by Mr. Molenbrink here is he wishes he would have done that for the sole purpose of being able to reduce his child support, and I wonder if that would have some impact upon that argument. If it is shown that the obligor is financing 100 percent that purchase for that sole purpose of reducing the support obligation, it would be an interesting factor, I think. Do you think that Judge Rob, if she had been requested, could have deviated from the minimum? Based on the expenditure in that one year, at least, for that year? That's an interesting point, and I don't know if there would have been a deviation, because we really didn't get too much into looking at even all the facts that would have gone into considering a deviation, because there was no request made for deviation at any point in time. So there wasn't even full discovery done pertaining to what the assets and liabilities were, for instance, of the support obligee. So as far as analysis of whether or not there should have been a deviation or not, I would just be guessing at this point. But I think that Mr. Molenbrink perhaps could have made that argument that there should have been a deviation based upon the fact that he had purchased these things 100 percent at the time instead of financing them. I would hope, and I suspect that perhaps Judge Rob would have denied that request for deviation based on other factors. For instance, in this case, there was some evidence shown that the child does have some special needs and has some additional expenses that perhaps a normal child would not otherwise need resources for. The second issue, just real briefly, there were some things brought up by Mr. Molenbrink about depreciation in his brief in his motion to reconsider and at the time of trial. I'm glad that the Court didn't have to hear too much about depreciation today, because I think there was essentially a red herring in this case and even now. And I believe that all parties at all times during this case agreed that the depreciation was something that should have been added back in to Mr. Molenbrink's income. So I don't think that that's relevant to what the Court needs to determine at this point. Any other questions? No, thank you. Thank you. May it please the Court, my name is Frank Bizet and I represent the Department of Health Care and Family Services. This Court should affirm the Circuit Court's order because the payment of business expenses do not fall under the deduction for repayments of debts in Section 505A3H. When the Circuit Court determines a parent's child support obligations, it undertakes a two-part process. In Part 1, the Court determines the parent's net income by taking that parent's total income and then making a number of deductions which are specifically listed in subsection 505A3. Once the Court has determined the parent's net income, the Court then determines the extent of the parent's child support obligations by taking that net income and then either applying the statutory guidelines in subsection A1 or deciding that a deviation from those guidelines is appropriate under the factors set forward in subsection 505A2. In this case, Molenbrink is arguing that the Court erred during Step 1 of this process when the Court determined his net income. Specifically, he's arguing that the Court erred by not deducting these business expenses from his net income which he claims should have been deducted under 505A3H which allows the Court to deduct expenditures for repayments of debt that represent reasonable and necessary expenses for the production of income. However, this Court has already addressed this issue in Gave v. Dunlap and held that such business expenses do not qualify for the deduction under 505A3H. In Gave, the parent attempted to deduct business expenses which in that case involved entertainment expenses and automobile expenses from his total income under 505A3H to determine his net income. In that case, this Court held that he could not do so and in reaching that conclusion, based its decision on the plain language of section 505A3H. First, the Court focused on the first sentence of that subsection and explained that to allow the deduction of expenses would be inconsistent with the requirement that the deduction be for repayments of debt. Then the Court turned to the second sentence of 505A3H which limits a Court to only reducing net income for the period that such payments are due and requires the Court to enter an order containing provisions for its self-executing modification upon determination of that period. And the Court held that applying the deduction to business expenses, payments of business expenses, that second sentence wouldn't make any sense because there would be no period of time in which multiple payments are being made and therefore it would be inconsistent with the plain language of the Act. And in this case, Molenbrink is attempting to do essentially the same thing that the parent was in Gave. Although the specific business expenses are different, in Gave it was automobile expenses and entertainment expenses and here it's the purchases of equipment, they are nonetheless business expenses. They are purchases made for the purpose of the business. And although Molenbrink claims that Gave does not stand for the proposition that business expenses are not expenditures for the payment of debt, that's exactly what this Court held when it stated, we therefore hold only such businesses as constitute repayments of debt may be deducted from net income under the first clause of Section 505A3H of the Act and further hold that non-reimbursed business expenses do not fit into this category. The Court then reiterated, reaffirmed that holding in Einstein v. Najim about 10 years later in the context of medical expenses when the Court held that ongoing medical expenses for the parent's child did not qualify for the deduction for repayments of debt. And now Molenbrink seems to be concerned that if these business expenses are not deducted from his total income and calculated as net income that they will altogether be ignored in the process of calculating his child support obligations, but that's not the case. As this Court pointed out in Gave and then again reaffirmed in Einstein, expenses of that nature can be considered during Step 2 of the process when the Court is deciding whether or not to deviate from the statutory guidelines in Subsection A1. There's a non-exhaustive list of factors in Subsection A2 of things that the Court can look at, including the financial resources and needs of both the parent and the child. And so these types of expenses can be considered under Section 505A2 in Step 2. And the difference between Step 1 and Step 2 is very important here because the Court pointed out in Gave that when the General Assembly amended the statute for calculating child support, what it did is it imposed stricter guidelines on what the Court can take into consideration when determining net income, whereas before it was very discretionary. Here, the General Assembly listed specific deductions that the Court could take into account when determining net income. But then the General Assembly maintained that Court's discretion in Step 2, when in light of the non-exhaustive list of factors in 505A2, the Court may decide to deviate from the statutory guidelines. And so that distinction is important here because that Step 2 decision is a discretionary decision, and it is one that the Court took into account in its order. The Court mentioned 505A2 and whether or not a deviation from the guidelines was proper or necessary. And the Court said it didn't have enough information in front of it regarding the parent's financial needs and resources to find that a deviation was warranted in this case. And so if those expenses were going to be taken into account, it would be during the process of deciding whether to deviate under 505A2, and it would be based on the evidence that was presented at the hearing. And then the Court's decision not to deviate would be subject to an abusive discretion standard of review. And here, where the record does not contain the hearing transcript or an acceptable alternative, it is difficult to see how it could be held that the Circuit Court, which based its finding on not having enough information in front of it to find that a deviation was warranted, to find that the Court's decision was an abusive discretion when the transcript records aren't in the record and aren't before this Court. And to the extent that Muilenburg argues, well, at what point does something become a repayment of debt? Is it one payment, two payments, 30 payments, or whatever, regardless of what that cutoff is, the plain language of 505A3H and the portion stating that the Court shall reduce net income in determining the minimum amount of support to be ordered only for the period that such payments are due and shall enter an order containing provisions for its self-executing modification, requires that there must be multiple payments and they must be made over some period of time. A single one-time expenditure does not meet the debt, does not qualify as a repayment of debt. Otherwise, every time any business purchase or expense is made, every single one of those would then qualify for a reduction under 505A3H. And that would be inconsistent with the General Assembly's, with the language in the statute, setting forth a straightforward application of listed deductions under 505A3H, and then moving on to a more discretionary decision by the Board where it takes other factors into account in determining the final child support obligation. So unless Your Honors have any questions, I ask that you affirm the Circuit Court's order. Thank you. I'm trying to keep this kind of short. First and foremost, I want to talk about the Gaber and Einstein cases that were just mentioned. And as counsel correctly pointed out, they were for business expenses. They were medical expenses, day-to-day expenses for automobile, entertainment. They were ongoing, variable business expenses that were not allowed. This is not a business. The statute clearly says it's a repayment of debt. A business expense is way different than a repayment of debt. When you purchase an asset and you can finance it over five years, let's say, the payments on that is not necessarily a business expense for purposes of calculating net income for child support. It's the repayment of the debt of that asset. Now, whether it comes in one installment, five installments, I would submit it doesn't matter. And interestingly, what I heard before Your Honors previously, there's no debt in these companies. There never was any debt. Well, I'm sorry. When you purchase an oven for, let's say, $5,000, you get an invoice for $5,000. You have debt. That's a debt. You write a check for $5,000. You have repaid that debt. That's exactly what we're arguing about here. Whether it's one installment, two installments, five installments, ten installments, 50 installments, I would submit does not matter. The fact of the matter is these were four repayments of debt that were reasonable and necessary. Never contested whether they were reasonable and necessary. Even the expert on his own testimony said that. So now the question becomes is, is one payment considered repayment of debt? That's really what's before this court. And I would suggest it is. And those repayments should have been allowed deductions for purposes of calculating the net income in child support. The notion that if he knew then what he knows now is exactly what goes to what I was arguing before in my briefing. It would be absurd to me if the legislators would want to incentivize entrepreneurs and business developers to incur debt. I mean, that's essentially debt. Well, if he knew then what he knows now, I'm sure he would have financed it. Maybe he would have gotten the debt. I can't imagine that that is the policy that our legislatures would want. I find that incredibly inconsistent. I would suggest, as I stated before, just the fact that there's one payment versus ten payments. These are substantial repayments of debt. Whether it comes again in the form of one or ten shouldn't matter, I would submit to your honors. For the reasons I stated before, I'd ask the case be reversed, if not remanded at the bare minimum. Thank you, counsel. We'll take the matter under advisement.